**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ALEXANDER RAMON CHIONG,

    Petitioner,

-vs-                                        Case No.  8:01-CR-0037-T-30EAJ
                                                                                 8:02-CV-2237-T-30EAJ

UNITED STATES OF AMERICA ,

    Respondent.

_____/

**O R D E R**

**THIS CAUSE IS** before the Court on remand from the Eleventh Circuit Court of Appeals (Dkt. 12). Proceeding *pro se*, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 challenging the sentence imposed following his 2001 conviction for conspiring to distribute cocaine (CV Dkt. 1; CR Dkt. 49). The Court denied Petitioner's § 2255 motion on September 25, 2003, finding that in his plea agreement, Petitioner waived his right to collaterally attack his sentence on the grounds raised in his § 2255 motion.

    During oral argument on appeal, Respondent conceded that the waiver in the plea agreement did not explicitly include a waiver of Petitioner's right to collaterally attack his sentence on the ground that his attorney's performance in the sentencing phase of the case was constitutionally ineffective. The Eleventh Circuit Court of Appeals vacated the order denying Petitioner's § 2255 motion and remanded the case with the instruction that the Court entertain Petitioner's ineffective assistance claims on the merits (CR Dkt. 76).

Petitioner is now represented by counsel (CR Dkt. 71). Respondent has filed a response to the § 2255 motion (CR Dkt. 70), and Petitioner has filed a reply thereto (CR Dkt. 74).

**Background**

Since Respondent does not dispute the timeliness of the § 2255 motion or assert that Petitioner's claims are procedurally defaulted, a recitation of the procedural history of Petitioner's criminal conviction is not necessary to the resolution of the issues raised in his § 2255 motion. Petitioner asserts that his Sixth Amendment right to effective assistance of counsel was violated at sentencing when trial counsel:

1. Failed to argue for a downward departure based upon the disparity between his sentence and the sentences two of his co-conspirators received; and

2. Failed to properly object and present sufficient argument to support a minor role adjustment.

CV Dkt. 1 at 5-6. Petitioner requests that if the Court finds that he is entitled to relief on Grounds One and Two, he be sentenced under the provisions of U.S.S.G. § 2D1.1(a)(3),[1] which became effective on November 1, 2002, giving him the benefit of a change in the guidelines which would have capped Petitioner's base offense level at 30. *Id.* Respondent argues that Petitioner has failed to demonstrate that he meets the criteria for relief under § 2255. Having reviewed the record, applicable statutes, and controlling case law, the Court agrees.

---

[1] "[I]if the defendant receives an adjustment under §3B1.2 (Mitigating Role), the base offense level under this subsection shall be not more than level 30." United States Sentencing Guidelines Manual § 2D1.1(a)(3) (2002).

**Standard of Review**

Title 28 U.S.C. § 2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation of the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988).

Generally speaking, an available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a § 2255 proceeding. *See Greene v. United States,* 880 F.2d 1299, 1305 (11th Cir. 1989) (and the cases cited therein), *cert. denied,* 494 U.S. 1018 (1990). A ground of error is usually "available" on direct appeal when its merits can be reviewed without further factual development. The Eleventh Circuit has held, however, that generally "[c]laims of ineffective assistance of counsel may not be considered on direct appeal . . . . [because] [t]he question . . . was not raised below and the trial court has not had the opportunity to consider evidence on this issue. This claim is properly raised by collateral attack in the district court." *United States v. Arango,* 853 F.2d 818, 823 (11th Cir. 1988) (citation omitted).

Because a lawyer is presumed to be competent to assist a defendant, the burden is on the accused to demonstrate the denial of the effective assistance of counsel. *United States v. Cronic,* 466 U.S. 648, 658 (1984). To establish a prima facie claim of ineffective

assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms.  *Id.* at 688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The *Strickland* test is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).

The criterion for attorney performance is that of reasonably effective assistance. The standard of reasonableness is an objective one that may be measured by using professional norms as guidelines.  The inquiry is whether counsel's performance was reasonable under the circumstances. In evaluating counsel's performance, the court must be highly deferential of counsel's conduct and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689.  Every effort should be made "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*  The Eleventh Circuit has reiterated that effective assistance of counsel does not mean errorless assistance, and that an attorney's performance is to be judged on the totality of the circumstances in the entire record rather than on specific actions. *Green v. Zant*, 738 F.2d 1529, 1536 (11th Cir.), *cert. denied*, 469 U.S. 1098 (1984).

"To state the obvious: trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable.  But the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler*

-4-

*v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting *Burger v. Kemp*, 483 U.S. 776 (1987)). The courts are free to dispose of ineffectiveness claims on either of *Strickland*'s two grounds." *Sims v. Singletary*, 155 F.3d 1297, 1305 (11 th Cir. 1998) (citing *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 1998)).

## Evidentiary Hearing

Petitioner requests an evidentiary hearing on the claims raised in his § 2255 motion. A petitioner has the burden of establishing the need for an evidentiary hearing. *See Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir.) (en banc), *cert. denied*, 469 U.S. 874 (1984). Petitioner has not met that burden. The Court has reviewed the record and, for the reasons set forth more fully below, concludes Petitioner has not demonstrated that he is entitled to an evidentiary hearing. *See Jones v. United States*, 304 F.3d 1035, 1045 n.18 (11th Cir. 2002); *In re Boshears,* 110 F.3d 1538, 1541 n.1 (11th Cir. 1997) (recognizing that "hearing and findings of fact [are] not required for [a] § 2255 motion where 'the files and records of the case conclusively show that the prisoner is entitled to no relief' " (quoting 28 U.S.C. § 2255)). The Court finds that the pertinent facts of the case are fully developed in the record before the Court. Thus, an evidentiary hearing is not required in this matter.

## Discussion

Petitioner, through counsel, argues that trial counsel was ineffective in failing to raise certain mitigating issues regarding Petitioner's role in the conspiracy. In separate criminal proceedings, Petitioner, Lenny McGuire, Alfred Cerda, and Louis Alexander were charged with conspiring to violate federal drug statutes. Petitioner, Cerda, and Alexander each entered a negotiated plea pursuant to a written plea agreement (CR Dkt. 33; Dkt. 48 at 14, 28). The crux of Petitioner's complaint is that his sentence is greater than the sentences his co-conspirators Cerda and Alexander received.

**Ground One**

Petitioner asserts that trial counsel was ineffective for failing to argue that the Court should take the disparity in the sentences imposed on his co-conspirators into consideration in sentencing him. Although he had no prior criminal history, Petitioner received a sentence of 97 months. Having cooperated with the Government in its ongoing investigation, Cerda and Alexander received downward adjustments to their base offense levels at sentencing (CR Dkt. 48 at 39, 45). McGuire received a 288-month sentence (CR Dkt. 48 at 130). Cerda received a 70-month sentence (CR Dkt. 74 at 3); and Alexander received a 60-month sentence, *see id.*

Disparity between the sentences imposed on co-defendants is generally not an appropriate basis for relief from a sentence. *See U.S. v. Regueiro*, 240 F.3d 1321, 1325-26 (11th Cir. 2001). As the Eleventh Circuit held in *United States v. Chotas*, disparate sentencing among co-defendants was adequately considered by the Sentencing Commission and is therefore not an appropriate ground for a departure from the guidelines. 968 F.2d 1193, 1197-98 (11th Cir. 1992) ("[T]o adjust the sentence of a co-defendant in order to cure an apparently unjustified disparity between defendants in an individual case will simply create another, wholly unwarranted disparity between the defendant receiving the adjustment and all similar offenders in other cases.").

Had trial counsel requested a downward departure due simply to disparities in the sentence Petitioner received compared with the sentences imposed on his co-conspirators, the Court would have been precluded as a matter of law from granting the motion. "It is the obligation of any lawyer – whether privately retained or publicly appointed – not to clog the courts with frivolous motions or appeals." *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981). Trial counsel is not ineffective for failing to press a meritless argument.

Knowing that disparity was not recognized as a basis for a downward departure in this circuit, *see* Dkt. 40 at 5 n.1; Dkt. 48 at 40, trial counsel used the disparity in sentences to support his motion for a downward departure on other grounds (CR Dkts. 41 at 5-6; 48 at 39-41, 45). Trial counsel's strategy was effective, and Petitioner's base offense was lowered three levels. CR Dkt. 48 at 47.

The Court finds that trial counsel's performance was objectively reasonable under the circumstances. *Strickland*, 466 U.S. at 688.  Having failed to satisfy the first prong of the *Strickland* test, Petitioner has not demonstrated that he is entitled to relief on this ground.

**Ground Two**

Next, Petitioner argues that trial counsel was ineffective in failing to argue at sentencing that Petitioner was entitled to a downward departure under the guidelines for his minor role in the drug conspiracy pursuant to U.S.S.G. § 3B1.2(b). Under § 3B1.2 of the sentencing guidelines, a district court is authorized to decrease a defendant's offense level by four levels if the defendant was a "minimal participant" in the crime, by two levels if he was a "minor" participant, and by three levels if he falls somewhere in between. A minimal participant is one who is plainly among the least culpable of those involved in the offense, while a minor participant is one who is less culpable than most other participants, but whose role could not be described as minimal. U.S.S.G. § 3B1.2, cmt. n. 4-5 (2001).

A determination of a defendant's role in the offense is heavily dependent on the facts of the particular case. *See* U.S.S.G. § 3B1.2, cmt. background (2001); *United States v. Rodriguez DeVaron*, 175 F.3d 930, 938 (11th Cir. 1999) (en banc). The proponent of the downward adjustment bears the burden of proving a mitigating role in the offense by a preponderance of the evidence. *Id.* at 939. *See also United States v. Ryan,* 289 F.3d 1339,

1348 (11th Cir. 2002) (*per curiam*). In evaluating whether the defendant's role was minor, a district court first considers the defendant's role in the offense against the relevant conduct for which he has been held accountable. "Only if the defendant can establish that [ ]he played a relatively minor role in the conduct for which [ ]he has already been held accountable -- not a minor role in any larger criminal conspiracy -- should the district court grant a downward adjustment for minor role in the offense." *United States v. Rodriguez DeVaron*, 175 F.3d at 944. The district court may also compare the defendant's culpability to that of other participants in the offense "who are involved in the relevant conduct attributed to the defendant." *Id.* at 945.

In support of his claim that trial counsel was ineffective for failing to seek a minor role adjustment, Petitioner characterizes himself as a "go-between" serving as "the connect point between the larger supplier (McGuire) to the distribution points (Cerda and Alexander)" (CR Dkt. 74 at 3). Thus, Petitioner reasons, his role was the least culpable in the conspiracy. Devoid of any factual support, this allegation is insufficient to obtain relief under § 2255. *See Caderno v. United States,* 256 F.3d 1213, 1217 (11th Cir. 2001) (noting that habeas relief is not warranted when claims are merely conclusory allegations unsupported by specifics); see *Tejada v. Dugger,* 941 F.2d 1551, 1559 (11th Cir.1991) (recognizing that vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim).

At his guilty plea hearing, Petitioner agreed with the following statement of facts contained in his plea agreement:

> During the time period alleged in the indictment, that is, between in or about June, 1994, through and including in or about May, 1996, Alexander Ramon Chiong supplied kilogram quantities of cocaine to Alfred Cerda for further distribution to others. Alfred Cerda thereafter distributed quantities of the cocaine he was supplied by Chiong to other cocaine traffickers in the Middle

> District of Florida. Chiong obtained the cocaine from Lenny McGuire. During the time period alleged in the indictment Chiong delivered more than fifty (50) kilograms of cocaine to Cerda.

CR Dkt. 53 at 20-21. According to statements made by his co-conspirators, during the course of the conspiracy, Petitioner was instrumental in the distribution of more than 920 kilos of cocaine (CR Dkt. 48 at 5). Notably, when Cerda became involved in the drug conspiracy, Petitioner was already "selling a little bit of dope" (CR Dkt. 48 at 15).

Petitioner has not demonstrated that his role in the conspiracy was any less significant than those played by his co-conspirators. *See* United States Sentencing Guidelines Manual § 3B1.2 cmt. n. 3(C) (2001). Given that there is no indication in the record that Petitioner's role was "substantially less culpable than the average participant" in the conspiracy and Petitioner has failed to present any factual support for this assertion, the claim that trial counsel was ineffective for failing to seek a minor role adjustment at sentencing fails.

The Court concludes that Petitioner has failed to establish that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Having failed to meet the two-prong *Strickland* test, Petitioner has not established that he is entitled to relief on this claim.

**Ground Three**

In his § 2255 motion, Petitioner requests that if the Court determines that he is entitled to relief on Grounds One and Two, he be resentenced under the provisions of U.S.S.G. § 2D1.1(a)(3),[2] which became effective on November 1, 2002. Petitioner is stating a sentencing preference rather than a claim for relief cognizable under § 2255. Moreover,

---

[2] "[I]if the defendant receives an adjustment under §3B1.2 (Mitigating Role), the base offense level under this subsection shall be not more than level 30." U.S.S.G. § 2D1.1(a)(3).

-9-

it is well settled that upon resentencing, a defendant's sentence is based on the United States Sentencing Commission Guidelines Manual in effect on the date of the previous sentencing of the defendant, which though no longer mandatory, remain advisory. *See United States v. Shelton*, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

In his reply to the response, Petitioner attempts to expand these proceedings by arguing that the *Booker*[3] decision should be applied retroactively to his case. The Eleventh Circuit Court of Appeals has held that the decisions in *Blakely*[4] and *Booker* do not apply retroactively in a collateral review proceeding brought under § 2255. *See In re Andersen*, 396 F. 3d 1336 (11th Cir. 2005) (and cases cited); *accord Varela v. United States*, 400 F. 3d 864 (11th Cir. 2005). The Court is not persuaded by Petitioner's urging that this Court ignore controlling precedent in this circuit.

To the extent that anything in the § 2255 motion may be read to construe a claim of ineffective assistance of counsel based on a failure to raise an *Apprendi*[5]*/Booker* argument, trial counsel is not ineffective for failing to predict a change in the law. *See United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001) ("In this circuit, we have a wall of binding precedent that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel.") (citing *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) ("We have held many times that '[r]easonably effective

---

[3] *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 756 (2005) (finding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt").

[4] *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004).

[5] *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000) (holding that "[o]ther than the fact of a prior conviction any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

-10-

representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop.'")).

## Conclusion

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to the relief he seeks in his § 2255 motion.

ACCORDINGLY, the Court **ORDERS** that:

1. The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (CR Dkt. 49) is **DENIED**.

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close the companion civil case.

**DONE** and **ORDERED** in Tampa, Florida on April 10, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Petitioner/Counsel of Record

SA/jsh